WILLIAM P. GAFFIELD v. MELWELL M. AVERY.

*Replevin. Service of Summons.*

A writ of replevin is a writ of summons, not attachment, and service upon the defendant must conform to the provisions of the statute as to the service of writs of summons. Delivery of a copy to the agent of the defendant, the latter being out of the state, is not sufficient.

REPLEVIN of a colt. The defendant filed a plea in abatement, also a motion to dismiss the suit on account of defective and insufficient service. Plea and motion demurred to by plaintiff.

Judgment of the county court, June term, 1870, PECK, J., presiding, *pro forma*, that the demurrer be overruled, and that the plea and motion are sufficient, and that the writ abate and suit be

dismissed, and that judgment be for the defendant against the plaintiff for the return of the property replevied and for his cost, to which decision the plaintiff excepted.

That portion of the return on the writ, showing what service was made upon the defendant, was as follows:

" And on the 21st day of May, A. D. 1867, I made service of this writ on the within named Melwell M. Avery by delivering to Noah L. Avery, the agent of said Melwell M. Avery, (he, the said Melwell M. Avery, being absent from the state,) a true and attested copy thereof, with this my return hereon thereon endorsed."

*Roswell Farnham,* for the plaintiff, cited General Statutes, p. 320, § 13 ; p. 291, § 21 ; *Cushenden et al.* v. *Harmon et al.,* 2 Tyler, 431 ; Laws of 1797, p. 85 ; *Dunshee* v. *Stearns,* 1 Aik., 149, opinion of Judge SKINNER; Slade's Sts., p. 115, No. 40 ; *Miller* v. *Moody,* 23 Vt., 674.

*B. Martin* and *C. W. Clarke,* for the defendant.

The opinion of the court was delivered by

WHEELER, J. To get a cause into court process sued out by one party and served upon the other is necessary, and the service must be such as is authorized by law. In this state process for this purpose may be by writ of summons or writ of attachment, and service of each may be made in various ways. The writ in this case is not a writ of attachment but a writ of summons. The writ commanded the officer to replevy property and deliver it to the plaintiff, but that was done in order that the property might be held and the right to the possession of it adjudicated between these parties, in this case, and not that it might be held to satisfy any judgment that might be recovered in the suit. Not being a writ of attachment no question arises as to whether the service made would be good service of such a writ or not. Being a writ of summons the question is whether it was well served as such a writ or not. A writ of summons may be served by delivering a copy to the defendant or by leaving a copy at the house of his then usual abode with some person of sufficient discretion then

resident therein, or if there be no such person, by lodging a copy at the house of his usual abode in such situation as he will most probably receive it, and particularly expressing the manner of service in the return. These are the only ways in which a writ of summons can be served, and the service be legal and valid so as to stand reasonable objection by the defendant, or be sufficient to found a valid judgment upon without appearance and waiver of the want of legal service. This writ was not served in either of these ways. The claim, that a person might lose some just right because he could not make service upon a non-resident defendant in replevin, unless service like this is held good, has no real foundation. It is true that replevin against a non-resident defendant might fail for want of service. But that action cannot be maintained unless the goods are detained in this state, and in the county where it is brought, and if detained there by any person, against right, that person can be made a defendant in replevin and service made upon him. If the goods are there but are not actually detained by any person, the person entitled to the possession of them can take them without any process. Therefore in any case where goods can be reached by a writ of replevin any person who can maintain replevin can obtain the possession of them either without replevin, or with replevin against some person upon whom it can be legally served. This claim, therefore, affords no reason for upholding this service.

The writ not having been served in any manner known to the law, and reasonable objection having been made by plea in abatement and motion to dismiss in the court below, the judgment that the writ abate and be dismissed was proper.

Judgment affirmed.